IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GWENDOLYN DOTSON                                                          PLAINTIFF

v.                              Case No. 5:10-cv-230-DPM

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                            DEFENDANT

ORDER

Gwendolyn Dotson challenges the sufficiency of the record supporting denial of the Social Security benefits she sought. She argues that decision failed to consider her medical conditions. Dotson also presses a due process violation because the Hearing Office Chief Administrative Law Judge, not the Administrative Law Judge who presided at Dotson's hearing, signed the decision. The Court takes the constitutional issue first.

**1.** Dotson got due process. She is correct; one part of the HEARINGS, APPEALS, AND LITIGATION LAW MANUAL counsels the Chief Judge to re-weigh Dotson's testimony in certain circumstances. *Document No. 11-1, at 1.* This part applies when the presiding ALJ does not participate in the written

decision. It encourages the new ALJ (here the Chief Judge) to hold a second hearing in cases like Dotson's, which turn on credibility. But another part of the Manual (on the same page) allows the Chief Judge "to sign the final decision/order if the [presiding] ALJ gave the [Chief Judge] prior affirmative written authorization[.]" *Document No. 11-1, at 1.* This part applies when the "ALJ has approved a final decision draft but is unavailable to sign the final decision[.]" *Ibid.*

Dotson's decision falls under the approved-but-unavailable-to-sign provision.

> The Administrative Law Judge who presided at the hearing approved this decision but was unavailable to sign it when it was ready to be mailed. . . . [T]he Administrative Law Judge who presided at the hearing authorized the Hearing Office Chief Judge or Acting Hearing Office Chief Judge to sign this decision pursuant to HALLEX § I-2-8-40.

*Transcript, at 15.* The decision is signed "Michael Cheek for John A. Thawley[.]" *Ibid.* Dotson's due process challenge fails because the presiding ALJ approved the decision in her case. *Wilburn v. Astrue*, 626 F.3d 999, 1002–04 (8th Cir. 2010).

**2.** The record supports denial of benefits. The Court reviews the Commissioner's decision for legal error and for whether the decision finds support in substantial evidence on the whole record. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). Dotson argues that the ALJ failed to develop the record fully, consider her treating physician's opinions, and ask the vocational expert a proper hypothetical question. These arguments all challenge the sufficiency of the evidence. *Kinsling v. Chater*, 105 F.3d 1255, 1257 & n.3 (8th Cir. 1997).

Dotson agrees "the ALJ correctly determined [ ] Steps 1–3 of the Sequential Evaluation." *Document No. 11, at 11*. The problem, according to Dotson, comes in Step 4, where the ALJ found Dotson could handle light work. *Transcript, at 11–12*. Dotson says her pain is totally disabling. *Transcript, at 30*.

On the hearing date, Dotson was 46 years old. She is a high school graduate who spent some time in college. During the last decade, she has worked as a cashier, teacher's assistant, and substitute teacher. She has also suffered from chronic pelvic pain, hypertension, and anxiety. Her pain causes her problems with standing and sitting for long periods.

The record includes much evidence of Dotson's pain. Part of her discomfort comes from hemorrhoids. *Transcript, at 314*. She also has a history of chest pain. *Transcript, at 371–72*. Chronic pelvic pain, however, is her biggest problem. *Transcript, at 25*. According to a 2008 medical report from UAMS, "[Dotson] has a characteristic symptom pattern of chronic pelvic pain syndrome. There is no known cause of this syndrome. It is comparable to migraine headaches of the pelvis." *Transcript, at 264*. Dotson takes a combination of medication to alleviate her pain. *Transcript, at 25–26*.

Dotson began slowing down her work in 2007. The pain led Dotson to a two-day admission in 2008 at Chicot Memorial Hospital: "abdominal pain, lower abdominal, right lower quadrant, and pelvic pain. . . . severe 8-9/10[.]" *Transcript, at 180*. At the hearing, however, Dotson said her pain level was twelve on a scale of ten. *Transcript, at 30*. Two 2009 letters from Doston's friends also document her extensive pain. *Transcript, at 158–59*. Both note Dotson can be "bed confined and unable to walk for several days at a time." *Ibid*. Dotson testified that she is bedridden two weeks every month. *Transcript, at 31–32*. Confined to her home, she needs help with some

household chores.  But she is able to watch TV, bathe herself, clean her teeth, and brush her hair.  *Transcript, at 34*.

The ALJ specifically discredited the severity of Dotson's suffering: "[her] statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  *Transcript, at 13*.  This conclusion considered Dotson's medical history, including a letter from Dr. Fauzia Qadir, her treating physician.  Dr. Qadir stated that Dotson "suffers from debilitating pelvic pain[.]" *Transcript, at 522*.  The ALJ read this letter as opining that Dotson is suffering, not disabled.  Debilitating is weakening, not disabling; and the ALJ's reading is a reasonable one.

The Court understands Dotson's "suboptimal response" to medication. There is little doubt that she hurts often.  But as the ALJ found, "the record on this case reveals no restrictions recommended by Dr. [Qadir;]" nor does the Court see any professionally imposed restrictions—work related or otherwise—in Dotson's lengthy medical records. The ALJ's credibility finding was therefore based on more than personal observation.  *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).  And this record, developed by the ALJ and

Dotson's counsel, is full and thorough. *Cox v. Apfel*, 160 F.3d 1203, 1209 (8th Cir. 1998).

The vocational expert, appearing by telephone, had reviewed Dotson's records and he heard her testimony. The ALJ's hypothetical questions, the Court concludes, fairly captured Dotson's restrictions. *Cox*, 160 F.3d at 1207. "Start off by assuming a person the same age, education[,] and work experience as [Dotson] . . . retains a light residual functional capacity, with push or pull limited to the light level, with no climbing . . . [and] no more than occasional . . . stooping, crouching, kneeling, or crawling[.]" *Transcript, at 44*. The ALJ then added a "sit/stand option" and reduced the functional capacity to sedentary. *Transcript, at 45–46*. These specifics covered Dotson's restrictions. And this record therefore supports the denial of benefits. *Long*, 108 F.3d at 187.

The Commissioner's final decision is affirmed. Dotson's complaint is dismissed with prejudice.

So Ordered.

*DPMarshall Jr.*
_____
D.P. Marshall Jr.
United States District Judge

<u>15 August 2011</u>